UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CIVIL ACTION NO. 12-102-KKC

BRENDA DANIEL                                                                    PLAINTIFF

V.                          **OPINION AND ORDER**

MICHAEL J. ASTRUE,                                                              DEFENDANT
COMMISSIONER OF SOCIAL SECURITY

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the parties' cross-motions for summary judgment. For the following reasons, the Court will grant the Commissioner's motion (DE 15) and deny the Plaintiff's motion (DE 12).

## I. BACKGROUND

At the time of her application for SSI on September 17, 2009, the Plaintiff was a fifty-two-year-old woman with a high school education. Administrative Record (hereinafter "AR") 14, 34. She had past relevant work experience as a laborer and restaurant manager. AR 35-36. She alleges disability beginning on September 30, 2005, due to a combination of impairments including arthritis, back pain, depression, and anxiety. AR 36-41. Her claim was denied initially on January 22, 2010, and upon reconsideration on February 19, 2010. *Id*.

Both the Plaintiff and an impartial vocational expert testified at the hearing held on November 22, 2010, after which the Administrative Law Judge ("ALJ") determined that Plaintiff was not disabled. AR. 14-24.

To determine if the Plaintiff is disabled for purposes of the Social Security Act, the ALJ employed the traditional five-step sequential analysis. At step one, the ALJ determined that the

Plaintiff had not engaged in substantial gainful activity from September 30, 2005, the date of her alleged onset date, to December 31, 2009, the date that she last met the insured status requirements of the Social Security Act. AR 16.

At the second step, the ALJ determined that, through the date last insured, the Plaintiff had the following severe impairments: lumbar degenerative disk disease, herniated nucleus pulposus at L5-S1, herniated disc at L4-5, cervical degenerative disk disease, pain disorder, borderline intellectual functioning, major depressive disorder, and generalized anxiety disorder. *Id.* At step three, the ALJ determined that, through the date last insured, the Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 16-18.

Prior to proceeding to the fourth step, the ALJ determined that, through the date last insured, the Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. 404.1567(b) except that she was limited to only occasional bending, stooping, kneeling, crouching, and crawling. The ALJ determined that the Plaintiff was limited to work involving only simple, routine, and repetitive tasks and to brief, casual contact with the public and occasional contact with co-workers, and supervisors. The ALJ determined that the Plaintiff was restricted from working on ladders, ropes, or scaffolding and working around hazardous machinery or at dangerous unprotected heights and that she was restricted from commercial driving. The ALJ further determined that the Plaintiff could not stand more than 20 minutes at a time.

At the fourth step, the ALJ determined that, through the date last insured, the Plaintiff was unable to perform any of her past relevant work. At the fifth step, however, the ALJ determined that, through the date last insured, a significant number of jobs existed in the national

economy that the Plaintiff could have performed including a ticket taker, parking lot attendant, and non-hazardous security guard. *Id*. Accordingly, the ALJ determined that the Plaintiff was not disabled from the alleged onset date of September 30, 2005 through December 31, 2009, the date last insured.

## II. ANALYSIS

The district court has jurisdiction to review the final decision of the Commissioner of Social Security. 42 U.S.C. § 405(g); 42 U.S.C. § 1383(c)(3); *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006). Judicial review of the decision is limited and the Court must affirm the Commissioner's decision so long as the Commissioner applied the correct legal standard and the decision is supported by substantial evidence in the record. *McClanahan*, 474 F.3d at 833-34. The Commissioner's findings of facts are conclusive if they are supported by substantial evidence and "are not subject to reversal merely because there exists in the record substantial evidence to support a difference conclusion . . . ." *Id.* (quoting *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).

The Plaintiff argues that the ALJ erred in discounting the opinion of her treating physician, Dr. James Chaney, without setting forth specific and legitimate reasons. "Generally, the opinions of treating physicians are given substantial, if not controlling, deference." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir.2004). However, "treating physicians' opinions are only given such deference when supported by objective medical evidence." *Id.* (citation omitted). A treating physician's opinion is not entitled to controlling weight if it is "inconsistent with the other substantial evidence." 20 C.F.R. § 404.1527(c)(2); *Tilley v. Comm'r of Soc. Sec.*, 394 F. App'x 216, 222 (6th Cir. 2010). An ALJ must provide "good reasons" for the weight

given to a treating source's opinion in order to ensure a meaningful review. *See* 20 C.F.R. § 404.1527(c)(2); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544-45 (6th Cir. 2004).

Dr. Chaney opined that the Plaintiff could occasionally lift ten pounds, frequently lift less than ten pounds, stand and walk for at least two hours a workday, and sit for less than about six hours in a workday. Dr. Chaney further found that the Plaintiff's push/pull abilities were limited in her upper and lower extremities. AR. 379. He restricted the Plaintiff to occasional climbing of stairs and ramps and stooping and opined that the Plaintiff could never balance, stoop, crouch or crawl. AR 380. He further opined that she should not be exposed at all to vibration, fumes, odors, gases, poor ventilation, etc. AR 382.

The ALJ gave good reasons for discounting the opinion of Dr. Chaney. Further, because Dr. Chaney's opinion was not consistent with other substantial evidence in the record, it was not entitled to controlling weight.

In discounting Dr. Chaney's opinion, the ALJ noted that Dr. Chaney had treated the Plaintiff with "generally conservative treatment," including medication and chiropractic care for back and neck pain but that no surgery had ever been recommended. AR 20-22. The ALJ further noted that the record revealed that the Plaintiff had "relatively normal neurological and orthopedic exams." The ALJ noted that the Plaintiff's consultative and neurological examinations found minimal physical limitations. The ALJ further noted that the Plaintiff was able to live alone and that she does some driving and shopping. AR 20, 21. The ALJ determined that the pulmonary limitations that Dr. Chaney imposed were "not supported at all in the record or in the claimant's allegations." AR 22.

Thus, the ALJ gave specific reasons for discounting Dr. Chaney's opinion, citing inconsistent medical evidence in the record. The Plaintiff does not cite any objective evidence in the record supporting Dr. Chaney's restrictions.

For these reasons, the Court holds that the ALJ's decision denying the Plaintiff's claim for benefits is supported by substantial evidence. Accordingly, the Court hereby ORDERS as follows:

1) the Plaintiff's Motion for Summary Judgment (DE 12) is **DENIED**; and

2) the Commissioner's Motion for Summary Judgment (DE 15) is **GRANTED**.

Dated this 22nd day of August, 2013.

Signed By:
*Karen K. Caldwell*
United States District Judge